United States District Court
Southern District of Texas

**ENTERED**

November 20, 2015

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1751 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, Ocwen Loan Servicing, LLC ("Ocwen"), motion to dismiss for failure to state a claim (Dkt. No. 5). The plaintiff, Sharon Perez (the "plaintiff"), has filed a response in opposition to the motion, (Dkt. No. 9), and Ocwen has filed a reply (Dkt. No. 10). After having carefully considered the motion, response, reply, the pleadings and the applicable law, the Court determines that Ocwen's motion to dismiss should be **GRANTED**.

### II.   FACTUAL BACKGROUND

This case concerns the plaintiff's challenge to the July 2, 2015 foreclosure sale of the real property located at 2411 Palomino, Conroe, Texas 77384. On or about July 23, 1999, the plaintiff and Roberto Perez executed a Fixed/Adjustable Rate Note ("Note") payable to Americredit Corporation of California ("Americredit"). (Dkt. No. 1, Ex. 2). Simultaneously with the execution of the Note, the plaintiff executed a Deed of Trust encumbering the real property located at 2411 Palomino, Conroe, Texas 77384 (the "property"). (*Id.*; *see also* Dkt. No. 6, Ex. A). Americredit subsequently assigned its interest in the Deed of Trust to Household Bank, F.S.B. (the "First Assignment"). (Dkt. No. 1, Ex. 2; *see also* Dkt. No. 6, Ex. B). The First

Assignment was filed on January 13, 2000, in the Official Public Records of Real Property of Montgomery County, Texas as Document No. 2000-002650.  (*See* Dkt. No. 6, Ex. B).  On or about March 20, 2015, HSBC Finance Corporation, as a successor by merger to Household Finance Corporation, Which Assumed All of the Assets and Liabilities of Household Bank, F.S.B., assigned its interests in the Deed of Trust to Deutsche Bank National Trust Company as Trustee for GSAMP 2002-HE2 ("Deutsche Bank"), Mortgage Pass Through Certificates, Series 2002-HE2 At, care of Ocwen (the "Second Assignment").  (*See* Dkt. No. 6, Ex. C).  The Second Assignment was recorded on March 31, 2015, in the Official Public Records of Real Property of Montgomery County, Texas as Document No. 2015028471.  (*Id.*)

Upon default, Ocwen, as mortgage servicer for Deutsche Bank, scheduled the Property for foreclosure sale on June 2, 2015.  The Notice of Foreclosure Sale denoting the same was filed on April 27, 2015, in the Official Public Records of Real Property of Montgomery County, Texas as Document No. 0028.  (Dkt. No. 6, Ex. D).  On June 1, 2015, the plaintiff filed suit against Ocwen in the 410th Judicial District Court of Montgomery County, Texas, seeking to contest foreclosure of the Property, asserting claims for lack of standing, quiet title, breach of contract, and attorneys' fees.  The plaintiff also seeks declaratory and injunctive relief.  Ocwen timely removed the case to this Court, which has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]  Ocwen now moves to dismiss the plaintiff's claims for failure to state a claim.

III.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as

---

[1] The fair market value of the subject real property is estimated at $223,460.  (*See* Dkt. No. 1, Ex. 8)

true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that

the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail.  *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss."  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996).  "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents."  *Lovelace*, 78 F.3d at 1018 (internal citation omitted).  "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."  *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## IV.    ANALYSIS AND DISCUSSION

### A.    Ocwen's Authority to Foreclose

As a threshold matter, the plaintiff argues that Ocwen has no authority to foreclose because it is neither the owner nor holder of the Note or the current assignee of the Note and

Deed of Trust.  (Dkt. No. 1, ex. 2, ¶¶ 1, 14, 19 & 20).  The plaintiff maintains that because the Note and Deed of Trust were not executed in favor of Ocwen and Ocwen has not produced evidence that it is the current owner of the Note and Deed of Trust, Ocwen does not validly hold the Note or have the authority to enforce it.  *Id.*  Ocwen moves to dismiss the plaintiff's lack of standing claim as meritless, asserting that it has the authority to foreclose the subject property in its capacity as mortgage servicer for Deutsche Bank.

The theory posited by the plaintiff is commonly referred to as the "show-me-the-note" theory.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013); *Chance v. CitiMortgage, Inc*., 395 S.W.3d 311, 315 (Tex. App.—Dallas 2013, no pet.); *Bierwirth v. BAC Home Loan Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin August 30, 2012, no pet.).  "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure."  *Wells v. BAC Home Loan Servicing L.P.*, W–10–CA–00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (citation and internal quotation marks omitted).  "Numerous federal district courts have addressed this [theory], and each has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note."  *Martins*, 722 F.3d at 253.  Consequently, such courts "have roundly rejected [the "show-me-the-note" theory] and dismissed [such] claims, because foreclosure statutes simply do not require possession or production of the original note."  *Id.* (internal citations omitted).

This theory likewise fails under Texas law as Texas does not require that the originally executed note be produced in order to initiate a foreclosure.  *Martins*, 722 F.3d at 254.  "Texas law differentiates between enforcement of a promissory note and foreclosure.  Foreclosure

enforces the deed of trust, not the underlying note." *Wells*, 2011 WL 2163987, at *2 (citing *Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942) (reasoning that the trustee derives its authority to sell from the deed of trust)). Texas courts have reasoned, "[w]here there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute *separate obligations* [which may be enforced separately]." *Wells*, 2011 WL 2163987, at *2 (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.-Corpus Christi 2002, pet. denied) (emphasis added)).

Moreover, the Texas Property Code authorizes a mortgage servicer to administer a foreclosure of property "on behalf of a mortgagee if 'the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage,' proper notice is given, and [such] notice discloses that the mortgage servicer represents the mortgagee." *Martins*, 722 F.3d at 255 (citing Tex. Prop. Code § 51.0025). A mortgagee is defined within the meaning of the Texas Property Code to include, "the grantee, beneficiary, owner or holder of a security instrument[,] a book entry system [] or if the security interest has been assigned of record, the last person to whom the security interest has been assigned." Tex. Prop. Code § 51.0001(4). A mortgage servicer is defined to include "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." Tex. Prop. Code § 51.0001(3). No provision exists in Chapter 51 of the Texas Property Code requiring a mortgagee or mortgage servicer to verify its status as an owner and/or holder of the note prior to conducting a foreclosure sale. *See Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. Sept. 25, 2013) ("Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note.").

In this case, Americredit is the original beneficiary of the Deed of Trust, which provides that it has the right to exercise any and all rights of interest granted by the borrower, including, but not limited to, the right to foreclose and sell the Property.   (*See* Dkt. No. 6, Ex. A.). Americredit subsequently assigned its interest in the Deed of Trust to Household Bank, F.S.B. The First Assignment was filed on January 13, 2000, in the Official Public Records of Real Property of Montgomery County, Texas as Document No. 2000-002650.   (*See* Dkt. No. 6, Ex. B).   On or about March 20, 2015, HSBC Finance Corporation, as a successor by merger to Household Finance Corporation, Which Assumed All of the Assets and Liabilities of Household Bank, F.S.B., assigned its interests in the Deed of Trust to Deutsche Bank, as Trustee, care of Ocwen.   (Dkt. No. 6, Ex. C).   The Second Assignment was recorded on March 31, 2015, in the Official Public Records of Real Property of Montgomery County, Texas as Document No. 2015028471.   This Court takes judicial notice of the documents contained in the public record which demonstrate that all beneficial interest under the Deed of Trust were validly assigned to Deutsche Bank, care of Ocwen.   An authenticated copy of the Note, Deed of Trust and Assignments[2] showing a complete chain of endorsements, starting with the original lender and ending with the assignment to Deutsche Bank, care of Ocwen, establishes that Ocwen is the current mortgage servicer.   Further, the plaintiff cannot reasonably dispute that Ocwen is the mortgage servicer, as she admittedly made payments to Ocwen.   *See Epstein*, 540 F. App'x at 356 ("There is no dispute that Aurora was the mortgage servicer—[the plaintiff] admitted sending payments to it.").   Hence, Ocwen, as mortgage servicer, is authorized to foreclose on the Property under Texas law.

---

[2]  The Note, Deed of Trust and First Assignment were attached to the plaintiff's petition and incorporated by reference.  *See* Dkt. No. 1, Ex. 2.

Finally, the plaintiff's last-ditch efforts to invalidate the assignments of the Note and/or Deed of Trust contained in the real property records of Montgomery County, Texas fail because the plaintiff lacks standing to contest any such assignments because she was not a party to any such agreements. *See James v. Wells Fargo Bank, N.A.*, No. 3:11–CV–2228–B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012) (citing *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W–10–CA–285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) ("Plaintiff has no standing to contest the various assignments as she was not a party to the assignments."). Even if the plaintiff could establish that she has standing to exert such a challenge, the Court finds her allegations to be without merit.

## B.    The Plaintiff's Claim to Quiet Title

Ocwen next moves to dismiss the plaintiff's claim to quiet title. A claim to remove cloud from title or a suit to clear or quiet title '"enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.-Waco 1980, writ ref'd. n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). Such an action "relies on the invalidity of the defendant's claim to the property." *Morlock*, 2013 WL 2422778, at *1 (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.-Houston [1st Dist.] 2012, pet. denied)). As a consequence, "the plaintiff has the burden of supplying the proof necessary to establish [her] superior equity and right to relief." *Essex Crane*, 371 S.W.3d at 388 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied).

In order to prevail on a claim to quiet title, a plaintiff is required to demonstrate that: (1) she has an interest in the property; (2) title to the property is impaired by the defendant's claim; and (3) the defendant's claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in [her] favor, [a] plaintiff 'must allege right, title, or ownership in [herself] with sufficient certainty to enable the court to see [she] has a right of ownership that will warrant judicial interference.'" *Wells*, 2011 WL 2163987, at *4 (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.- Beaumont 2000, pet. denied)). "In other words, the plaintiff must recover on the strength of [her] title, not the weakness of [her] adversary's [title]." *Wells*, 2011 WL 2163987, at *4 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

In the case *sub judice*, the plaintiff's claim to quiet title fails to allege any facts establishing the superiority of her title in relation to the Deed of Trust but rather focuses--almost entirely—on the weaknesses of Ocwen's claim to title. In fact, the plaintiff neither contests the validity of the Deed of Trust nor suggests that her *own* interest is superior to that of the Deed of Trust. Instead, she merely attempts to challenge the validity of Ocwen's claim to title by alleging, albeit in conclusory fashion, that: (1) she "is the undisputed owner of the Property by virtue of [her] recorded deed"; (2) [Ocwen] has clouded her title by claiming that it has a lien for security purposes on the Property and that it has the authority to foreclose the Property; (3) the Notice of Foreclosure Sale is invalid and has no legal effect because there is no proper chain of title making Ocwen an assignee of the Deed of Trust; and (4) Ocwen's claim interferes with her title. (*See* Dkt. No. 1, Ex. 2 ¶¶ 25 - 28.). Because the plaintiff does not challenge the validity of the Deed of Trust or otherwise claim title superior to that of Ocwen, she fails to state a claim to quiet title. *See Morlock*, 2013 WL 2422778, at *2 (reasoning that because the plaintiff's

challenge to the validity of the assignment of the Deed of Trust simply questions which entity has the authority to enforce the Deed of Trust and does not contest the validity of the Deed of Trust or assert superior title, the plaintiff "fails to advance a plausible quiet-title claim"); *see also Fricks,* 45 S.W.3d at 327 (reasoning that a plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title").  Accordingly, Ocwen is entitled to a dismissal of the plaintiff's claim to quiet title.

### C.    The Plaintiff's Claim for Breach of Contract

Ocwen also moves to dismiss the plaintiff's breach of contract claim, alleging that the plaintiff's factual allegations do not give rise to a breach of contract claim.  In her Original Petition, the plaintiff asserts a claim for breach of contract against Ocwen, alleging that Ocwen "breached the Deed of Trust and Texas Property Code by attempting to foreclose upon the Property in violation of the Deed of Trust."  (Dkt. No. 1, Ex. 2, ¶ 44).  The plaintiff further alleges that no notice of foreclosure was recorded in the Harris County property records at least 21 days prior to the date of sale as required by paragraph 21 of the Deed of Trust and Texas law. (*Id.*; Ex. 2, ¶¶ 45 - 46).

Ocwen, in its reply, concedes that no notice of sale was recorded in the Harris County property records.  It, nevertheless, maintains that it properly recorded the notice of foreclosure sale in the real property records of Montgomery County, Texas—the situs where the Property is located.  Additionally, the judicially-noticed facts establish that a Notice of Foreclosure Sale, identified as Document No. 0028, was filed on April 27, 2015 in the Official Public Records of Real Property of Montgomery County, Texas *at least 36 days prior* to the anticipated sale date of June 2, 2015.  The plaintiff, however, does not dispute this fact or even make mention of her breach of

contract claim in her response.  Accordingly, the plaintiff's breach of contract claim fails on the facts alleged and should be dismissed.

**D.      The Plaintiff's Claim for Declaratory Relief**

Finally, Ocwen moves to dismiss the plaintiff's claim for declaratory relief.  Here, the plaintiff seeks a declaratory judgment:  (1) "specifying Plaintiff's and [Ocwen's] rights and duties in connection with the Deed of Trust and the underlying Note"; (2) declaring "that Ocwen is not the valid beneficiary of the [D]eed of [T]rust and that Ocwen is not the valid noteholder or owner"; and (3) declaring "that [Ocwen] does not have the power of sale pursuant to the [D]eed of [T]rust, for the June 2, 2015 foreclosure."  (Dkt. No. 1, Ex. 2 at ¶¶ 30, 32, 34 & 39).  Although this action emanated in state court pursuant to the Texas Uniform Declaratory Judgment Act, it was subsequently removed to this Court and thus, "may be construed as one brought under the federal Declaratory Judgment Act."  *Hurd v. BAC Home Loans Servicing,* LP, 880 F. Supp.2d 747, 769 (N.D. Tex. 2012).  "The federal Declaratory Judgment Act [however] . . . does not create a substantive cause of action . . . [it] is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law."  *O'Neill v. CitiMortgage, Inc.*, No. 4:13-cv-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014).  "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists."  *Reid v. Aransas Cnty.*, 805 F. Supp.2d 322, 339 (S.D. Tex. 2011).  In order for a court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [the plaintiff] will suffer injury in the future."  *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

In this case, the plaintiff seeks declarations that are based on her theories regarding the validity of the assignment of the Deed of Trust to Deutsche Bank, care of Ocwen, Ocwen's

possession of the Note and/or Deed of Trust, the authenticity of the Note and/or Deed of Trust, Ocwen's authority to foreclose and whether Ocwen properly recorded the notice of sale in accordance with the Deed of Trust.  Since this Court has determined that all of the plaintiff's accompanying claims fail and are insufficient to give rise to a genuine controversy between the parties, the plaintiff's request for declaratory relief is also denied.

## V.   CONCLUSION

Based on the foregoing, Ocwen's motion to dismiss is **GRANTED**.  Since under the facts of this case, any amendment would be futile, the dismissal is with prejudice and without leave to amend.

It is so **ORDERED**.

SIGNED on this 20th day of November, 2015.

Kenneth M. Hoyt
United States District Judge